J. Carolyn STRINGER, Plaintiff–Appellant,

v.

UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 02–2174.

United States Court of Appeals, Fourth Circuit.

Submitted May 12, 2003.

Decided May 21, 2003.

J. Carolyn Stringer, Appellant Pro Se. John Bowman McLeod, Haynsworth Sinkler Boyd, P.A., Greenville, South Carolina, for Appellee.

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

J. Carolyn Stringer appeals the district court's order granting summary judgment in favor of UNUM Life Insurance Co. on her claim that UNUM breached the terms of her disability insurance contract when it retroactively terminated her disability policy and her claim that the termination was in bad faith.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We view the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We have reviewed the record and conclude the district court properly concluded UNUM did not breach the contract by retroactively terminating it because Stringer had not met minimum work requirements for coverage. Because UNUM had a contractual right to cancel the policy, Stringer cannot prove bad faith. *See Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 574 S.E.2d 502, 512–13 (2002). Accordingly, we affirm substantially on the reasoning of the district court. *See Stringer v. UNUM Life Ins. Co.*, No. CA–01–4536–3–17 (D.S.C. filed Sept. 4, 2002; entered Sept. 6, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*